IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Matthew B.,[1] | ) | C/A No.: 1:21-450-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Kilolo Kijakazi,[2] Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant, Kilolo Kijakazi, Acting Commissioner of the Social Security

Administration ("Commissioner"), by her attorneys, Corey F. Ellis, Interim

United States Attorney for the District of South Carolina, and Andrew R. de

Holl, Assistant United States Attorney for said district, has moved this court,

pursuant to 42 U.S.C. § 405(g), to enter a judgment with an order of reversal

with remand of the cause to the Commissioner for further administrative

proceedings. [ECF No. 33]. The motion represents that Plaintiff consents to

the motion. *Id.*

---

[1] The Committee on Court Administration and Case Management of the
Judicial Conference of the United States has recommended that, due to
significant privacy concerns in social security cases, federal courts should
refer to claimants only by their first names and last initials.
[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July
9, 2021. Pursuant to Fed. R. Civ. P. 25(d), she is substituted for former
Commissioner Andrew Saul as the defendant in this action.

Plaintiff filed a brief arguing: (1) the Appeals Council erred in declining to incorporate into the administrative record and make findings of fact as to a medical opinion from Brett Young, M.D.; (2) the Administrative Law Judge ("ALJ") provided an inadequate explanation for his failure to include restrictions addressing concentration, persistence, or pace in the residual functional capacity ("RFC") assessment; and (3) the ALJ failed to evaluate a 2020 opinion from Randolph Waid, Ph.D., in accordance with 20 C.F.R. § 404.1527. [ECF No. 27]. The Commissioner declines to address these issues individually, but concedes that remand is appropriate pursuant to sentence four of 42 U.S.C. § 405(g), which authorizes the court to remand the case where the Commissioner's decision is not supported by substantial evidence or where she failed to apply the proper legal standard. [ECF No. 33].

Pursuant to the power of this court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42 U.S.C. § 405(g), and given the parties' consent to remand, this court hereby reverses the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) with a remand of the cause to the Commissioner for further administrative proceedings. *See Shalala v. Schaefer*, 509 U.S. 292 (1993).

Upon remand, the Appeals Council shall vacate the decision and refer the case to a different ALJ. The Appeals Council shall direct the ALJ to hold

a new hearing, evaluate all medical opinions in accordance with 20 C.F.R. §
404.1527, reassess Plaintiff's RFC in light of all the relevant evidence as to
his physical and mental impairments, take any other action necessary to
complete the record, and issue a new decision. The Clerk of Court is directed
to enter a separate judgment pursuant to Fed. R. Civ. P. 58.

      IT IS SO ORDERED.

March 9, 2022                Shiva V. Hodges
Columbia, South Carolina      United States Magistrate Judge