IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Matthew A. B.,[1] | ) | C/A No.: 1:21-450-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Martin O'Malley, | ) | |
| Commissioner of Social Security | ) | |
| Administration,[2] | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Plaintiff's counsel's motion for fees under 42 U.S.C. § 406(b). [ECF No. 39]. Counsel filed a civil action on behalf of Plaintiff on February 12, 2021. [ECF No. 1]. On March 9, 2022, the undersigned issued an order granting the Commissioner's motion to remand for further administrative proceedings and reversing the decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). [ECF No. 34]. On June 15, 2022, the undersigned granted Plaintiff's motion for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), and

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[2] Martin O'Malley was confirmed by the Senate and sworn in as Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Fed. R. Civ. P. 25(d), he is substituted for Kilolo Kijakazi as a party to this action.

awarded $8,500 in attorney fees. [ECF No. 38]. The Commissioner subsequently issued a decision finding Plaintiff disabled under the rules of the Social Security Administration and awarding past-due disability insurance benefit ("DIB") payments retroactive to October 2014, as reflected in notices of award ("NOA") dated May 23, 2023[3] and January 14, 2024.[4] [ECF Nos. 39-6, 39-7].

On February 6, 2024, Plaintiff's counsel requested the court authorize a total fee of $55,934.50 for services rendered to Plaintiff and his dependent in the district court. [ECF No. 39 at 1]. The Commissioner filed a response neither supporting nor opposing Plaintiff's counsel's motion, as he "has no direct financial stake in the outcome of this motion." [ECF No. 41]. The court has considered counsel's motion for fees under 42 U.S.C. § 406(b) and approves the motion.

---

[3] The NOA reflects Plaintiff was to receive a check for $71,833.90, and $42,139.50 was withheld to pay a representative. However, paralegal Carol Herndon submitted an affidavit stating Plaintiff received a second check for $56,538.50, presumably representing additional past-due benefits. [ECF No. 43-1 at 2]. She attached an email from Plaintiff's wife confirming his receipt of two checks, one for $56,538.50 and the other for $71,833.90. *Id.* at 3. Although the NOA only references a total of $113,973.40 ($71,833.90 + $42,139.50), the monthly benefit amounts over the period of time total $163,145.90, which is much closer to the amounts paid to Plaintiff and withheld to pay his representative ($71,833.90 + $42,139.50 + $56,538.50 = $170,511.90). [ECF Nos. 39-6 at 1–2 and 43-2 at 4].

[4] Plaintiff's dependent received a separate check for $55,180.00, consistent with the amount reflected in her NOA. [ECF No. 43-1 at 3].

I.      Consideration of Motion for Attorney Fees Under 42 U.S.C. § 406(b)

When a court renders a favorable judgment to a claimant in a claim brought against the Commissioner, the court may "determine and allow as part of its judgment a reasonable fee" to the claimant's attorney that is "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reasons of such judgment." 42 U.S.C. § 406(b)(1)(A). The Supreme Court held in *Gisbrecht v. Barnhardt*, 535 U.S. 789 (2002), that 42 U.S.C. § 406(b) instructs courts to review contingent fee agreements for reasonableness where the agreed-upon fee does not exceed the statutory ceiling of 25%. Nevertheless, the contingent fee may be reduced from the agreed-upon amount "when (1) the fee is out of line 'with the character of the representation and the results . . . achieved,' (2) counsel's delay caused past-due benefits to accumulate 'during the pendency of the case in court,' or (3) past-due benefits 'are large in comparison to the amount of time counsel spent on the case.'" *Mudd v. Barnhardt*, 418 F.3d 424, 427 (4th Cir. 2005), *citing Gisbrecht* at 808.

The record contains a copy of the contingent fee agreement, signed by Plaintiff, which provides:

> Claimant agrees to pay and/or authorizes the Social Security Administration to pay an attorney fee of Twenty-Five percent (25%) of all past-due benefits recovered. The past-due benefits on which the twenty-five percent (25%) attorney fee is based shall include any past-due benefits for Claimant's dependents.

3

[ECF No. 39-3 at 1]. Counsel secured for Plaintiff $170,511.90 in total past-due benefits. [ECF Nos. 39-6 at 2, 43 at 1, 43-1 at 1–3]. He also obtained a total of $55,180 in past-due benefits for Plaintiff's dependent. [ECF Nos. 39-7 at 1 and 43-1 at 3]. Thus, counsel obtained $225,691.90 in total past-due benefits on Plaintiff's behalf.[5] He requests the court approve a fee of $55,934.50, which represents slightly less than 25% of the total accumulated past-due benefits. Because the requested fee does not exceed the statutory ceiling of 25% set forth in *Gisbrecht*, the court considers only the reasonableness of the fee.

The court concludes the fee is not out of line with the character of the representation and the results achieved. Counsel represented Plaintiff at the administrative level and before the court, beginning October 12, 2018. Tr. at 240. He obtained Medicare entitlement and continuing monthly benefits of $1,789 for Plaintiff and total past-due benefits of $225,691.90 for Plaintiff and his dependent. [ECF Nos. 39-6, 39-7, 43-1]. In consideration of the nature of the representation, the period of the representation, and the benefits obtained, the court concludes the fee is not out of line with the character of the representation and the results achieved.

---

[5] The undersigned arrived at this total by adding $71,833.90 (check to Plaintiff), $56,538.50 (check to Plaintiff), $55,180 (check to dependent), and $42,139.50 (withheld to pay representative).

4

A review of the docket shows Plaintiff's brief was initially due by August 6, 2021. Tr. at 12. However, counsel filed a first motion for extension of time and a motion to suspend the filing of Plaintiff's brief because the record was incomplete. [ECF Nos. 13, 17]. The Commissioner subsequently supplemented the record on October 19, 2021, making Plaintiff's brief due by November 18, 2021. [ECF No. 20]. Counsel filed a second motion for extension on November 18, 2021. [ECF No. 21]. The court granted counsel's motion as final, extending the deadline for filing Plaintiff's brief until December 20, 2021. [ECF No. 25]. Although the court had advised counsel in the November 18 order that no further extensions would be granted, *id.*, counsel filed a third motion for extension on December 20, 2021, requesting the deadline be extended to January 3, 2022. [ECF No. 24]. The court granted the motion, noting "absolutely no further extensions w[ould] be granted," making Plaintiff's brief due by January 3, 2022. [ECF No. 25]. Counsel filed Plaintiff's brief on January 4, 2022. [ECF No. 27].

Because counsel did not cause the delays related to the incomplete record, no reduction of the fee is required to address the first motion for extension of time and the motion to suspend the filing of Plaintiff's brief. Counsel requested extensions based on other professional deadlines and obligations that resulted in delays between November 18, 2021, and January

5

4, 2022.[6] However, the approximately six-week delay did not significantly affect the accumulation of Plaintiff's past-due benefits.

The court finds the requested fee is not large in comparison to the amount of time counsel spent on the case. Counsel and associated attorneys represented the claimant for 40.2 hours at the district court level beginning in December 2020. [ECF Nos. 39-1 at 4 and 39-5]. This represents an effective hourly rate of $1,391.41. Counsel represents he bills at a non-contingent hourly rate of $350. [ECF No. 39-1 at 4]. In similar cases, other attorneys have asserted reasonable non-contingent hourly rates between $300 and $800. *See Cortney S. v. Kijakazi*, C/A No. 1:20-cv-3483-SVH, ECF No. 33 at 5 (D.S.C. June 7, 2023) (stating "[a] reasonable market-based non-contingent hourly rate for these services would be $350–$425 per hour for [an] experienced Social Security disability litigator"); *Vincent D. S. v. Kijakazi*, C/A No. 1:21-cv-1561-SVH, ECF No. 26 at 5 (D.S.C. May 30, 2023) (representing counsel's normal hourly rate to be between $500 and $800); *Darlene G. v. Kijakazi*, C/A No. 1:20-cv-2619-SVH, ECF No. 37 at 5 (D.S.C. Mar. 29, 2023) (indicating a market-based hourly rate of $300 to $450). Although the fee requested by counsel exceeds the market rate charged by other attorneys in non-contingent cases, this court has recognized attorney

---

[6] Although the undersigned understands and appreciates counsel's caseload and other professional obligations, counsel is cautioned that any request for extension after the court has declared a final deadline will likely result in a reduction of the attorney's fee in future cases.

fees in contingent cases may reasonably exceed the market rate in similar non-contingent cases. "If the fee approved for [] counsel was limited to the hourly rate an attorney could earn without the risk of a contingency fee . . . 'plaintiffs may find it difficult to obtain representation.'" *Duval v. Colvin*, C/A No. 5:11-577-RMG, 2013 WL 5506081, at *1 (D.S.C. Sept. 30, 2013) (quoting *In re Abrams & Abrams, P.A.*, 605 F.3d 238, 246 (4th Cir. 2010)). Because counsel accepted representation along with the risk of no payment, a resulting fee that exceeds the hourly non-contingent rate is not unreasonable and does not result in a windfall.

The court finds the contingent fee agreement complies with 42 U.S.C. § 406(b)(1)(A) in that it is both reasonable and does not exceed the statutory maximum fee. Therefore, the court grants Plaintiff's counsel's motion for fees under 42 U.S.C. § 406(b), approves a total attorney fee of $55,934.50, directs the Commissioner to release $42,139.50 withheld from Plaintiff's past-due benefits to pay attorney Robertson H. Wendt, Jr, and authorizes counsel to collect $13,795.00, representing 25% of Plaintiff's dependent's past due benefits.[7]

---

[7] The NOA for Plaintiff's dependent states: "Her past due benefit amount is $55,180.00. Twenty-five percent of the past due amount is $13,795.00. We paid the $55,180.00 and as a result nothing was withheld to pay the attorney fee from Elizabeth's past due benefits." Paralegal Carol Herndon represents Plaintiff's dependent relinquished $13,795 to counsel's prior firm and that amount is being held in trust. [ECF No. 43-1 at 2].

II.    Refund of EAJA Fees

Pursuant to 42 U.S.C. § 406(b)(1)(A), "no other fee may be payable or certified for payment for representation" except for a fee "not in excess of 25 percent of the total of the past due benefits to which the claimant is entitled." An uncodified 1985 amendment to the EAJA provides for fee awards to be made under both the EAJA and 42 U.S.C. § 406(b), but it provides the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee." *Rice v. Astrue*, 609 F.3d 831, 836 (5th Cir. 2010) (quoting *Gisbrecht*, 535 U.S. at 796). "Because the Social Security Act (SSA) and the Equal Access to Justice Act (EAJA) both allow attorneys to receive fees for successful Social Security representations, Congress enacted a Savings Provision to prevent attorneys from receiving fees twice for the 'same work' on behalf of a claimant." *Parrish v. Commissioner of Social Sec. Admin.*, 698 F.3d 1215, 1216–17 (9th Cir. 2012) (citing Pub. L. No. 99-80, § 3, 99 Stat. 183, 186 (1985) (adding "Savings Provision" to 28 U.S.C. § 2412 notes)).

Counsel previously received an EAJA fee and agrees it should be refunded to Plaintiff. [ECF No. 39 at 2]. Therefore, the undersigned directs counsel, upon receipt of the fee approved herein to refund to Plaintiff $8,500, representing the EAJA fee paid in this action.

IT IS SO ORDERED.

March 11, 2024

*[signature]*
Shiva V. Hodges

Columbia, South Carolina                United States Magistrate Judge